2DAVID S. GORBATY, Judge.
Stephen Sewell appeals a judgment denying his motion for judgment, ordering the Orleans Levee District to provide plaintiff with copies of legal bills, and ordering plaintiff to pay the Orleans Levee District for the cost of redacting said legal bills. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY:
According to plaintiffs brief,[1] he initiated the underlying litigation by fifing a petition for writ of mandamus on January 11, 1999. Defendant, the Orleans Levee District, opposed the petition on the ground that because the bills contained the mental impressions, conclusions or opinions of attorneys in anticipation of litigation, the bills should not be ordered produced. On February 23, 1999, the trial court issued a writ of mandamus ordering defendants to produce two versions of the requested bills, one redacted and one containing the allegedly privileged information, for an in camera inspection by the court. Further, plaintiff was awarded statutory attorney fees.
|sThe Orleans Levee District applied to this Court for a supervisory writ arguing that the trial court erred in ordering it to produce the documents and to pay plaintiff attorney fees. This Court denied the writ on July 16, 1999, finding that issuance of the writ of mandamus was warranted un *26 der La.Rev.Stat. 44:35, and that the award of attorney fees and costs was reasonable.
The next pleading contained in the record is a Motion for Judgment, Attorney’s Fees, and Sanctions and Incorporated Memorandum filed on September 6, 2001. The pleading recounts the events detailed above, and, additionally, notes that the trial court had not yet ruled on whether the redacted version of the bills was sufficient following its in camera inspection. The apparent crux of the motion was to elicit a ruling by the trial court. Plaintiff additionally requested sanctions against defendant for allegedly omitting bills of attorneys who had worked on the case, and attorney fees for having to bring the instant motion, and defend against various writs and appeals filed since the writ issued.
Defendant opposed the motion and sought sanctions against plaintiff. In its opposition filed in the trial court, defendant admitted that the trial court had not ruled yet on whether the redacted bills were sufficient to satisfy the public records request. Defendant reargued that the unredacted bills continued to be privileged and protected because some of the litigation was ongoing. However, in its appellate brief, defendant claims that the trial court did review the unredacted bills “over the next several months,” and implies that the court ruled that the redacted bills were sufficient. The record before us does not reflect such a ruling.
140n October 26, 2001, a hearing was held on the various motions, with the court rendering a judgment on January 31, 2002. The record does not contain a transcript of the hearing. (See fn. 1, infra) The judgment denied plaintiffs motion for judgment. It further ordered the defendant to review the unredacted bills submitted to the court pursuant to its order of May 18, 1999, and to provide plaintiff with a redacted copy of said bills within thirty (30) days. The redaction should remove only billing entries that contained the “mental impressions” of counsel, or other privileged entries, such as attorney/client privilege, work product privilege or work done in anticipation of litigation or in anticipation of trial. The trial court further ordered defendant to keep time records for the redaction, and to submit a bill to plaintiff for that time. The court denied plaintiffs motion for additional attorney fees and deferred defendant’s motion for sanctions.
It is from the above judgment that plaintiff appeals.
DISCUSSION:
Although the record before us is missing integral portions in the chain of events leading up to this appeal, there is sufficient information gleaned from the record and the appellate briefs to make a determination of error.
It is clear that the trial court issued a writ of mandamus ordering defendant to produce for an in camera inspection an unredacted version of the requested documents, and to produce to plaintiff a redacted version. The presumed reason for production of the unredacted version was for the court to determine if defendant had removed entries not subject to objection for “mental impressions” of |scounsel, or other privileged entries, such as attorney/client privilege, work product privilege or work done in anticipation of litigation or in anticipation of trial.
Plaintiff claims that at the October 26, 2001, hearing, the trial judge indicated that after reviewing the unredacted bills, she decided that some material that had been redacted should not have been. Therefore, she ordered defendant to resubmit the bills with only proper redac-tions. These claims by plaintiff, however, are not properly before this Court be *27 cause, as noted previously, no transcript of the hearing is contained in the record. However, based on the judgment from which this appeal is taken, it is clear that the trial court at some point prior to rendering its judgment, found that defendant improperly removed entries from the unre-dacted bills. Thus, the court ordered defendant to produce bills that only removed mental impressions, or other privileged entries, such as attorney/client privilege, work product privilege or work done in anticipation of litigation or in anticipation of trial.
Louisiana Revised Statute 44:32 C(2) provides that the custodian of state agency records shall charge fees for copying of records according to a uniform fee schedule found at La.Rev.Stat. 39:241. Louisiana Revised Statute 44:32 C(3) provides:
No fee shall be charged to any person to examine or review any public records, except as provided in this Section, and no fee shall be charged for examination or review to determine if a record is subject to disclosure, except as may be determined by a court of competent jurisdiction.
| fiThus, it appears from this statute that the trial court was within its discretion to allow defendant to charge fees for redacting the bills. However, as outlined above, in its initial ruling the trial court ordered the Orleans Levee Board to supply one redacted version and one containing the allegedly privileged information. The two versions of the bills then remained in the trial court’s custody for well over two years with no action on the part of the trial court. Plaintiff was forced to file a motion in the trial court in an attempt to move the case along. It would be patently unfair to now order plaintiff to pay for the cost of properly redacting the bills it has been attempting to inspect for over two years. Indeed, the Orleans Levee Board’s own rules for attorney billings provides that bills should be “sanitized” to the minimum extent necessary to protect client confidentiality and privilege prior to being submitted for payment. The bills should have been properly redacted long ago. Accordingly, we find the trial court erred by ordering plaintiff to pay attorney fees for the proper redaction of the documents, especially in light of the trial court’s order to defendant to produce a “lesser-redacted” version of the bills.
This latter ruling is also problematic in that it implies that the trial court found the redacted version improper, yet offers no guidance to defendant. This scenario can only lead to more delays in producing properly redacted documents.
We also agree that plaintiff is entitled to additional attorney fees in connection with the enforcement of the writ of mandamus. We, therefore, remand this matter to the trial court for 1) a ruling on the proper redaction of the requested ^documents; and, 2) a determination of reasonable attorney fees to be awarded plaintiff in connection with enforcement of the writ of mandamus.
Accordingly, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
LOVE, J., CONCURS IN THE RESULT.

. For reasons unknown to this Court, the petition for writ of mandamus, the writ of mandamus, the requested documents, and a transcript of the October 26, 2001, hearing are not contained in the record.