# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1234

KENNETH JOHNSON

VERSUS

CITY OF PINEVILLE, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 229,618-Div. F
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**REVERSED.**

Herman M. Savoie  Jr.
Attorney at Law
P. O. Box 712
Alexandria, LA 71309
(318) 448-8002
Counsel for Plaintiff Appellant:
Kenneth Johnson

**Gregory R. Aymond**
**Attorney at Law**
**P. O. Box 5503**
**Alexandria, LA 71307-5503**
**(318) 445-3618**
**Counsel for Plaintiff Appellant:**
**Kenneth Johnson**

**Mark Felipe Vilar**
**Vilar & Elliott**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**Counsel for Defendant Appellee:**
**City of Pineville**

**Leah M. Penny**
**Faircloth, Vilar & Elliott**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**Counsel for Defendant Appellee:**
**City of Pineville**
**Ellen Melancon**

**Aaron L. Green**
**Vilar & Elliott**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**Counsel for Defendant Appellee:**
**City of Pineville**

**SAUNDERS, Judge.**

**FACTS AND PROCEDURAL HISTORY:**

This appeal arises from a judgment of the Ninth Judicial District Court, which denied Kenneth Johnson's (hereinafter "Johnson") application for a writ of mandamus and petition for statutory penalties and attorney's fees in connection with a public records request to the City of Pineville[1] (hereinafter "Pineville"). On October 3, 2007, Johnson made several public records requests to Pineville, two of which are relevant to this appeal.

Johnson first requested, "[t]he arrest report and/or booking entry for any individuals who were arrested during the month of September 2007, as a result of a physical altercation with any member of the Pineville Police Department." Pineville denied Johnson's request for the booking entries, stating that "[a]ll of the records requested are part of pending criminal litigation which can be reasonably anticipated and are therefore exempt from disclosure pursuant to La. R.S. 44:3 - 'records of prosecutive, investigative, and law enforcement agencies and communication districts.'" Pineville later turned over copies of the booking entries to Johnson on December 18, 2007, the morning of the proceeding giving rise to this appeal.

Pineville told the trial court, through its attorney, Jimmy R. Faircloth, that its denial of Johnson's first request for access to its booking entries of arrested persons had been the result of "an oversight on the part of the police department." Faircloth said that Pineville did not discover until the morning of the hearing, two months after Johnson's initial request, that booking entries of arrested persons were "contained in a book that is open on the desk at the police station for everyone to see . . . . And, lo and behold, when they went to make a copy of it yesterday, it [was] in there."

---

[1] The City of Pineville and Ellen Melancon, the Public Records Custodian for the City of Pineville, were made defendants in that action and are herein collectively referred to as "Pineville."

Johnson's second request asked for, "[a]ll e-mails to and from Rich Dupree on his City e-mail account, and which [Pineville has] segregated from those exempt under the Public Records Law, in connection with that lawsuit entitled *City of Pineville v. Gregory Aymond*." Johnson further requested that the e-mails be provided to him on a CD (compact disc), DVD (digital video disc), or flash drive[2] at his own expense. Pineville objected to Johnson's request for digital copies of the public records, stating that it would "undermine the Clerk's obligation to protect the integrity of the City's records." Pineville went on to inform Johnson, "[a]s previously communicated to you, documents responsive to this request total 13,574 e-mails through July, 2007. The copying charges for these items is $3,531.00. Retrieving copies of these items will require approximately seven (7) working days." Pineville had also copied the requested e-mails onto the hard drive of an off-network computer and offered to allow Johnson to review the e-mails on that computer.

In its reasons for judgment, the trial court did not address Pineville's failure to timely allow Johnson access to its booking entries of arrested persons nor did it grant him any relief. Further, the trial court's judgment denied Johnson's request for electronic copies of the requested e-mails, citing the risk that the e-mails might be altered. Johnson appeals, asserting three assignments of error.

**ASSIGNMENTS OF ERROR:**

1.  Did the City of Pineville violate La.Const. art. 12 § 3 and the Public Records Act when it failed to timely copy or make available for inspection by a qualified member of the public the booking entries of arrested persons in that city?

---

[2] Flash drives are small data storage devices that use flash memory and have built-in USB connections. http://www.techterms.com/definition/flashdrive (last visited 3/24/09).

2.    Did the trial court err in failing to award penalties and attorney fees in accordance with La.R.S. 44:35(D)?

3.    Did the trial court err when it denied a qualified member of the public the right to obtain electronic copies of public records on the basis that those copies might later be altered?

**ASSIGNMENT OF ERROR #1:**

Johnson asserts that Pineville violated the Public Records Act[3] and La. Const. art. 12, § 3, when it denied him the right to timely inspect or copy certain booking entries of arrested persons in that city. We agree.

It is well settled in Louisiana law that "[t]he right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution." *Title Research Corp. v. Rausch*, 450 So.2d 933, 936 (La.1984) (citing La.Const. art. 12, § 3). There is no doubt that the booking entries of an arrested person are public records. Louisiana Code of Criminal Procedure Article 228(B) (emphasis added) states:

> A person is booked by an entry, in a book kept for that purpose, showing his name and address, a list of any property taken from him, the date and time of booking, and the submission of a booking information summary as provided for in Paragraph C[4]of this Article . . .The book and booking information summaries *shall always be open for pubic*

---

[3] Louisiana Revised Statutes 44:1-44.

[4] Louisiana Code of Criminal Procedure Article 228(C) provides:

> (1)    At the time of booking, the peace officer causing the arrested person to be booked shall deliver to the person at the jail or police station who accepts custody of the arrestee a booking information summary which shall include at least the following information:
>> (a)    The proper legal name of the arrestee, if known.
>> (b)    The charge or charges upon which the person was arrested and the name of the person making the arrest.
>> (c)    A short recitation of the facts or events which caused the defendant to be arrested.
>> (d)    The names of all other persons arrested as a result of the same events or facts.
>
> (2)    If the peace officer presenting an arrestee for booking is unable to submit a complete booking information summary, he shall provide the person receiving custody of the arrestee a written statement or form, explaining why a complete booking information summary cannot be presented.

*inspection.*

Pineville was incorrect in classifying the records as confidential under La.R.S. 44:3. Had Pineville read the entirety of La.R.S. 44:3(A)(4)(a), the city would have noticed that the requested booking entries are specifically mentioned as being part of the public record. Louisiana Revised Statutes 44:3(A)(4)(a) states, in pertinent part, that "[r]ecords of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228 . . . shall be a public record." Therefore, Pineville violated La.Const. art. 12, § 3 and the Public Records Act by denying Johnson access to the booking entries of arrested persons, which are public records.

**ASSIGNMENT OF ERROR #2:**

Johnson argues that the trial court erred in failing to award him attorney fees and penalties as a result of Pineville's failure to comply with the Public Records Act and the Louisiana Constitution. We agree.

Louisiana Revised Statutes 44:35 provides that:

> A**.**  Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs, and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
>
>  . . . .
>
> D.  If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.

The record indicates that over two months had passed before Pineville finally produced copies of the booking entries Johnson had requested. This time period is clearly outside of the five-day period provided for in La.R.S. 44:35. Therefore, it would appear that Johnson is entitled to be awarded reasonable attorney's fees and other costs of litigation as provided for in La.R.S. 44:35(D). Pineville contends, however, that Johnson did not "prevail" in his suit, as required by La.R.S. 44:35(D), because Pineville handed Johnson the requested public records on the morning of trial, and, thus, the trial court's judgment did not reflect anything regarding that request. Nevertheless, it was necessary for Johnson to institute proceedings in accordance with La.R.S. 44:35(A) to assert his fundamental right of access to the public records, which access had been wrongly denied. Johnson's cause of action for an award under La.R.S. 44:35(D) arose after the statutory time delays lapsed. Accordingly, Johnson is hereby awarded reasonable attorney's fees in the amount of $2,500.00 and all costs associated with this litigation pursuant to La.R.S. 44:35(D).

Furthermore, La.R.S. 44:35(E)(1) goes on to state:

> If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

It appears from the record before us that Pineville's denial of access to the booking entries of arrested persons was arbitrary and capricious. This court finds Pineville's initial assertion that it believed the records were confidential unconvincing, noting that the requested records and their public nature are

5

specifically mentioned in La.R.S. 44:3, the statute which Pineville partially quoted in its written denial of Johnson's request. Though we find Pineville's action to be arbitrary and capricious, we do not believe this case is exceedingly egregious or without mitigating factors. Accordingly, as permitted by La.R.S. 44:35(E)(1), Johnson is hereby awarded fifty dollars per day, exclusive of Saturdays, Sundays, and legal public holidays from the date of his request, October 3, 2007, to the date he received the records, December 18, 2007.

**ASSIGNMENT OF ERROR #3:**

Finally, Johnson asserts that the trial court erred in ruling that the public's fundamental right of access to public records does not include the right to obtain electronic copies of those records due to the risk of alteration. We agree.

The Louisiana Constitution Article 12, § 13 states, "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." This fundamental right is reflected in Louisiana jurisprudence, which is replete with examples of the judicial respect for the public's fundamental right of access to the public records.[5] Our supreme court has generally stated that, "whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right of access." *Landis v. Moreau*, 00-1157 (La. 2/21/01), 779 So.2d 691, 694. The court has recognized the legislature's intent to provide the public with access to the public records in the least restrictive way possible. *Title Research Corp.,* 450 So.2d 933.

---

[5] See *City of Baton Rouge/Parish of East Baton Rouge v. Capital City Press, L.L.C.*, 07-1088, 07-1089 (La.App. 1 Cir. 10/10/08), __ So.2d __; *First Commerce Title Co., Inc. v. Martin*, 38,903 (La.App. 2 Cir. 11/17/04), 887 So.2d 716, *writ denied* 04-3133 (La. 3/11/05), 896 So.2d 66; *Elliott v. Dist. Att'y. of Baton Rouge,* 94-1804 (La.App. 1 Cir. 9/14/95), 664 So.2d 122, *writ denied*, 95-2509 (La. 12/15/95), 664 So.2d 440; *Cummings v. Kempf*, 570 So.2d 133 (La.App. 3 Cir. 1990), *writ denied,* 575 So.2d 390 (La.1991); *Title Research Corp. v. Rausch*, 450 So.2d 933 (La.1984).

6

"To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights." *Id.* at 936.

As technology has advanced, it has become necessary for the courts of this state to reiterate, in various ways, just how strong the public's right of access to public records is. In 1984, our supreme court ruled that a qualified member of the public could reproduce public records on microfilm, noting that the crumpling of one piece of paper and disordering of various records did not trespass on the custodian's duty to preserve the pubic records. *Title Research Corp.*, 450 So.2d 933. Then, in 1995, the Louisiana First Circuit Court of Appeal found that members of the public could use postal service to request copies of public records, rejecting the Baton Rouge District Attorney's argument that mail-in requests would be overly burdensome on his office. *Elliott*, 664 So.2d 122. More recently, in 2004, the Louisiana Second Circuit Court of Appeal held that the public's right of access to public records included the right to use a hand-held or portable scanner to electronically reproduce public records. *First Commerce Title Co., Inc.*, 887 So.2d 716, *writ denied,* 575 So.2d 390 (La.1991).

Now, this court must decide if the public's fundamental right of access to the public records includes the right to have those records reproduced on CD, DVD, or flash drive. Louisiana Revised Statutes 44:31(B)(1) provides to "any person of the age of majority[,]" the right to "inspect, copy, or reproduce any public record." In addition, La.R.S. 44:32(C)(1)(d) states that, "[a]ny person, as provided for in R.S. 44:31, may request a copy or reproduction of any public record and it shall be the duty of the custodian to provide such copy or reproduction to the person so requesting." The "clerk-custodian may not inquire into [a member of the public's]

7

choice of medium[,]" when exercising his rights under the above statutes. *Title Research Corp.*, 450 So.2d at 938. Thus, it would appear that requesting reproduction of the public records on CD, DVD, or flash drive is within Johnson's rights under the statute.

Louisiana Revised Statutes 44:35(B)[6] places the burden of justification for withholding the records on the custodian. In its effort to provide such justification, Pineville argues, in brief and at oral argument, that permitting electronic reproduction of public records would allow members of the public to undetectably alter the copies they receive. To prevent such alteration, Pineville has insisted on providing Johnson with paper copies of some 13,574 e-mails. We note, however, that the statute only requires the custodian of public records maintain "such vigilance as is required to prevent alteration of any record *while it is being examined*[.]" La.R.S. 44:32(A) (emphasis added). Nothing in the statute suggests that the custodian is responsible for alterations made to copies of public records once those copies have left the custodian's care.

Pineville never argued that the records might be compromised while in the custodian's possession, only that copies of the records might later be altered elsewhere. It is clear that there is no real possibility of compromising the original records if the city itself is making the copies. Ellen Melancon (hereinafter "Melancon"), the Public Records Custodian for the City of Pineville, testified that all

---

[6] Louisiana Revised Statutes 44:35(B) provides:

> In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.

of the e-mails at issue had been copied and put on another computer for public review, leaving the original e-mails on other computers and servers, inaccessible to the public. Then, Jeff Ard (hereinafter "Ard"), the Information Systems Manager for the City of Pineville, testified that he had copied the requested e-mails onto an off-network computer and that those e-mails could, in turn, easily be copied onto a CD or transferred to a flash drive. When questioned further, Ard also testified that both hard copies and electronic copies are at risk of being altered and that it would be easy and inexpensive for Pineville to keep an original copy of the e-mails for future comparison.

We live in an age of technology in which private individuals, as well as government, can use information technology to create astronomical numbers of documents. To allow Pineville to create such voluminous records using information technology and then deny the use of that same technology to the public reviewing those records would strike directly at the heart of the public's fundamental right of access to public records that is guaranteed by the Louisiana Constitution. When confronted with public records of goliath proportions, the average citizen's fundamental right of access would prove illusive if he is denied the opportunity to use the very technology which helped create the overwhelming amount of information. To reproduce over 13,000 e-mails on paper, when other safe, efficient, and reasonable means are available, is unnecessarily laborious, costly, wasteful, and conflicts with the legislative intent of making public records as available as possible.

Given that the public has had access to copies of public records for years, which copies have always been at risk of alteration, we find no merit in Pineville's contention that the risk of alteration outside of the custodian's care is a valid reason

for denying a record's reproduction in any of the requested formats. Nor is there any merit to Pineville's assertion that providing a member of the public with electronic copies of public records would place an overly burdensome requirement on the city to retain original copies of the documents. Because any copy is at risk of alteration, Pineville's interest in keeping originals for comparison would be exactly the same, even if only required to provide the public with paper copies.

The public's right of access to the public records "must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally provides otherwise." *Title Research Corp.*, 450 So.2d at 936. We find no specific law prohibiting the reproduction of public records in electronic format or requiring that public records be reproduced on paper. This court finds that the reproduction method which Johnson seeks to use, i.e., having the custodian reproduce the records on CD, DVD, or flash drive, is safe and reasonable. Moreover, Johnson has offered to pay for this method of reproducing the records at his own expense. This court recognizes that we are dealing with a developing area of law and we are quick to emphasize that this opinion does not stand for the proposition that every member of the public should always be allowed to reproduce the public records in any way he chooses. In this case, the custodian of the public records already had access to and sufficient understanding of the requested method of reproduction, which posed no risk to the integrity of the original records. Given that this information technology is readily available and is easily used and understood, we find no reason why the public should not be allowed the convenience of having electronic copies provided to it at the legally allowed cost.

**CONCLUSION:**

For the above stated reasons, we reverse the judgment of the trial court and

award Johnson attorney's fees in the amount of $2,500.00, court costs, and penalties of $50.00 per day from October 3, 2007 to December 18, 2007, exclusive of Saturdays, Sunday, and public legal holidays, pursuant to La.R.S. 44:35. It is further ordered that Pineville provide Johnson with electronic copies of the requested, segregated e-mails, in the manner previously requested.

**REVERSED**.