Dear Mr. Beckwith:
Our office received your request for an opinion concerning the obligation to provide a Council Member with a copy of City Council meetings on a compact disc ("CD"). Further, if required to furnish such a recording, you have asked what should guide the City of Tallulah ("City") in responding to the request.
You have indicated that the City makes a recording of each City Council meeting, however, does not have currently own equipment capable of making CD reproductions of such recordings.
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Law, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Law, with any doubt being resolved in the favor of access.[1] Unless an exception to the Public Records Law is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records.[2]
As the City currently makes a recording of the City Council meetings, as an initial matter, it should be noted that such a recording is a "public record" as defined by La.R.S. 44:1(A)(2)(a), which provides: *Page 2 
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
As Title 44 does not contain a specific applicable exception to recordings of open meetings, the recording must be produced pursuant to a public records request. Consistent with La.R.S. 44:32(C)(1)(a), it is the duty of the custodian of a public record to provide a copy of such public record to any person so requesting, and further, the custodian may establish and collect reasonable fees for making copies. Your opinion request states that it is a Council Member who is requesting a copy of the record. Our office has previously given the opinion that municipal officers are not exempt from paying such reasonable fees for copies of public records.[3]
You have indicated that the recording exists in an electronic format, and the Council Member has requested that the copy be produced in an electronic format. As has been noted by the Louisiana Supreme Court, La.R.S. 44:31(B)(1) provides a requestor with four options to exercise the right of access to records: a requestor may inspect the records; a requestor may copy the records; a requestor may reproduce the records; or, the requestor may obtain, from the custodian, a reproduction of the records.[4] Further, the choice of which right to exercise lies with the requestor, and not the custodian.[5]
In Johnson v. City of Pineville, the Third Circuit Court of Appeal considered whether the right of access to public records includes the right to have records reproduced on CD, DVD or flash drive.[6] Taking into consideration the fact that La.R.S. 44:31 (B)(1) provides any person of the age of majority the right to inspect, copy, or reproduce any public records, and the instruction in La.R.S. 44:32(C)(1)(d) that it is the duty of a custodian to provide any person with a copy or reproduction of any public record so *Page 3 
requested, the Court determined the requestor could request reproduction of the public records on CD, DVD, or flash drive.[7]
The court reasoned:
 We live in an age of technology in which private individuals, as well as government, can use information technology to create astronomical numbers of documents. To allow Pineville to create such voluminous records using information technology and then deny the use of that same technology to the public reviewing those records would strike at the heart of the public's fundamental right of access to public records that is guaranteed by the Louisiana Constitution. When confronted with public records of goliath proportions, the average citizen's fundamental right of access would prove illusive if he is denied the opportunity to use the very technology which helped create the overwhelming amount of information.[8]
Although the court emphasized that the opinion is not meant to stand for the proposition that any member of the public should always be allowed to reproduce the public records in any way he chooses, this case is instructive. In the scenario you have presented, the records already exist in an electronic format and there is no indication that the records would need to be altered in any way before providing the requestor with the copy of the meeting proceedings. Thus, it follows that the City could be required to produce the meeting proceedings on a CD, as requested. However, you have also indicated that you do not have the equipment necessary to make the CD copy, and have further asked for guidance in what to charge for making such copy. La.R.S. 44:32(C)(1)(a) permits a custodian to establish and collect reasonable fees for making copies of public records. What constitutes a reasonable fee depends on the facts and circumstances of each request. If the City does not have the necessary equipment to make a CD of the requested material, the City could make an agreement with an outside vendor to make such copy. It is the opinion of this office that it would be reasonable for the City to require the individual requesting such CD to pay the actual cost incurred by the City in having the outside vendor make such reproduction. You have also asked us to provide a timeline within which the copy must be produced. When asking the outside vendor to estimate the cost of reproduction, it would be reasonable for the City to also request a time frame in which the copy could be made. Before having the copy produced, the timeline and cost provided by the outside vendor should be conveyed to the requestor to ensure that the requestor is agreeable to such terms.
In conclusion, the City may be required to produce a CD reproduction of a digital recording of a City Council meeting and may collect a reasonable fee for making such copy. If the City does not possess the necessary equipment to make the CD reproduction, the City may require the requestor pay a reasonable cost incurred by the City in having an outside vendor make such copy. *Page 4 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 Emalie A. Boyce Assistant Attorney General
 JDC:EAB
[1] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984);Landis v. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[2] La.R.S. 44:31.
[3] See La. Atty. Gen. Op. Nos. 99-175 and 94-438.
[4] Title Research Corp. v. Rausch,450 So.2d at 937 (La. 1984)
[5] Id. See also St. Tammany Parish Coroner v. Doe, 2010-0946 (La.App. 1 Cir. 10/29/10), 48 So.3d 1241.
[6] 2008-1234 (La.App. 3 Cir. 4/8/09), 9 So.3d 313.
[7] Id. at 319.
[8] Id. at 319-20. Cited with approval in St. Tammany ParishCoroner, 48 So.3d at 1246.