# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NUMBER 2019 CA 0364

## PARISH OF ASCENSION

### VERSUS

## TALETA WESLEY

Judgment Rendered:    DEC 1 2 2019

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension, Louisiana
Docket Number 123,215

Honorable Katherine Stromberg, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| O'Neil J. Parenton, Jr.<br>Gonzales, LA | Counsel for Plaintiff/Appellee,<br>Parish of Ascension |
| Vercell Fiffie<br>Edgard, LA | Counsel for Defendant/Appellant,<br>Taleta Wesley |

\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN[1], JJ.

---

[1]Justice William J. Crain is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

*Guidry, J. concur in the result.*

*Crain, J. concurs.*

**WHIPPLE, C.J.**

In this appeal, a citizen requesting certain public records challenges the trial court's judgment ordering the requestor to pay the custodian of those public records a fee of $10,000.00 for the review and redaction of the requested records. For the following reasons, we reverse the assessment.

### FACTS AND PROCEDURAL HISTORY

On September 12, 2018, Taleta Wesley submitted a public records request to the Parish of Ascension ("Parish"), requesting the following for the two years prior to the request: the emails of Taleta Wesley (herself), Wanda Guillera, Mandy Daigle, Kristi Anderson, and Kenny Matassa; the text messages of Kenny Matassa, Thomas Pearce, Donald Hysell, Kenneth Dawson, and Kristi Anderson; the phone log of Kenny Matassa; and "PAF's."[1] The following day, on September 13, 2018, Wesley submitted two additional public records requests to the Parish. In the first September 13, 2018 request, she sought the following records for the two-year period preceding the request: the emails of Thomas Pearce, Donald Hysell, Kenneth Dawson and Kenny Matassa's cell phone logs. In the second request that day, Wesley requested any and all emails or "personal message systems" that mentioned "Taleta, Talita, Taleda or any other variation of Taleta Wesley's name."

In response to the requests, the Parish filed a Petition for Declaratory Judgment in the trial court below, naming Wesley as defendant and averring that Wesley's requests yielded a large number of emails and PAFs, each of which would have to be reviewed to determine whether it was subject to

---

[1]Testimony of record indicates that a "PAF" is a form utilized by the Parish whenever there is any adjustment to a personnel file.

2

exemption, exception, or redaction.[2]  Thus, the Parish sought a declaratory

judgment setting a reasonable fee "to cover the expense of taxpayer dollars

expended to comply with [Wesley's] request" and further setting a

reasonable time period for the Parish to comply with the requests.

Thereafter, Wesley filed an "Exception of No Cause of Action, No

Right of Action, Motion to Dismiss with Incorporated Memorandum,

Answer to Petition for Declaratory Judgment with Reconventional

Demand."  In the reconventional demand, in which she named the Parish

and Andria Dollar, the Parish's custodian of public records, as defendants,

Wesley contended that the custodian of records for the Parish had

unreasonably and arbitrarily failed to respond to her requests.  Thus, she

sought writs of mandamus ordering the Parish to comply with her public

records requests, as well as damages or penalties pursuant to La. R.S. 44:35.[3]

On December 7, 2018, the trial court conducted a hearing on the

Parish's Petition for Declaratory Judgment and Wesley's exceptions and

motion to dismiss.  Thereafter, by order dated December 17, 2018, the court

denied Wesley's exceptions of no cause of action and no right of action and

motion to dismiss and further granted the Parish's Petition for Declaratory

Judgment, ordering Wesley to pay the Parish $10,000.00 for the costs

associated with redacting private information from the records she seeks."

---

[2]The Parish further averred in its petition that it was not the custodian of the text message records requested.  However, it did not seek any declaratory judgment relief with regard to whether it was indeed the custodian of the requested text messages.

[3]The issue of whether Wesley's request for writ of mandamus in her reconventional demand was properly cumulated with the Parish's declaratory judgment action does not appear to have been raised below and was not raised on appeal. Thus, the issue is not before us.  See generally Bank of America, N.A. v. Erazo, 13-153 (La. App. 5th Cir. 10/9/13), 128 So. 3d 383, 388.

From this judgment, Wesley now appeals, listing six assignments of error.[4]

## DISCUSSION

Through her second, third, and fifth assignments of error, Wesley contends that the trial court erred: (1) in finding that the Parish had a right to institute proceedings against her, where the Public Records Law does not afford a public entity the right to bring a lawsuit to set costs for review of requested records; (2) in finding that the request was burdensome; and (3) in setting a $10,000.00 fee for the review and redaction of the requested records, thereby infringing upon her right to free and unlimited access to public records.

The public's right of access to public records is a fundamental right guaranteed by the Louisiana Constitution and implemented by the Public Records Law set forth in LSA-R.S. 44:1 et seq. See Carolina Biological Supply Company v. East Baton Rouge Parish School Board, 2015-1080 (La. App. 1st Cir. 8/31/16), 202 So. 3d 1121, 1125. Article XII, section 3 of the Louisiana Constitution mandates that "[n]o person shall be denied the right to ... examine public documents, except in cases established by law." A claim of annoyance, embarrassment, oppression, or undue burden or expense is not enough to overcome the public's right of access to public records. Stevens v. St. Tammany Parish Government, 2017-0959 (La. App. 1st Cir. 7/18/18), 264 So. 3d 456, 462, writ denied, 2018-2062 (La. 2/18/19), 265 So. 3d 773.

The custodian of the record shall present it to any person of the age of

---

[4]Where a district court renders a judgment on either the principal demand or incidental demand, when the two have been tried separately, the judgment constitutes a partial final judgment without need for a designation of finality. See LSA-C.C.P. art. 1915(A)(4).

4

majority who so requests. LSA-R.S. 44:32(A). While the record generally must be made available immediately, the Public Records Law recognizes that some reasonable delay may be necessary to compile, review, and, when necessary, redact or withhold certain records that are not subject to production. See LSA-R.S. 44:32(B), 44:33 & 44:35(A); Stevens, 264 So. 3d at 462. However, where such additional time is necessary for review of the requested documents, the custodian, within five business days of the request, must provide a written "estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request." LSA-R.S. 44:35(A); Stevens, 264 So. 3d at 462 (quoting Roper v. City of Baton Rouge/Parish of East Baton Rouge, 2016-1025, 2016-1026, 2016-1027, 2016-1028, 2016-1029, 2016-1030 (La. App. 1st Cir. 3/15/18), 244 So. 3d 450, 459-460), writ denied, 2018-0854 (La. 9/28/18), 252 So. 3d 926.

With regard to any fee for such review, generally, no fee may be charged. See LSA-R.S. 44:32(C)(3). Indeed, custodians of public records are already compensated for performing their duties, including the duty of responding to public records requests that ensure the public's constitutional right of access to such records. LSA-Const. art. XII, § 3; LSA-R.S. 44:31(A) & 44:32. However, LSA-R.S. 44:32(C)(3) also provides, in pertinent part, that "[n]o fee shall be charged for examination or review to determine if a record is subject to disclosure, except as may be determined by a court of competent jurisdiction." This court has interpreted LSA-R.S. 44:32(C)(3) as vesting the trial court with discretion to award a fee to the custodian for the time and expense incurred to examine or review the

requested records to determine if they are subject to disclosure.[5] See Roper, 244 So. 3d at 471; see also Sewell v. Benoit, 2002-1714 (La. App. 4th Cir. 2/19/03), 841 So. 2d 24, 27, writ denied, 2003-0817 (La. 5/9/03), 843 So. 2d 409.

Andria Dollar, the custodian of records for the Parish of Ascension, was the only witness to testify at the hearing on the Parish's petition.[6] According to Dollar, a search of the Parish's email server by the Parish's information technology director yielded over 185,000 responsive emails, and approximately 3,400 PAFs responsive to Wesley's three September 12 and 13, 2018 public records requests. Dollar explained that because the PAFs contain personal information of Parish personnel such as social security numbers, addresses, phone numbers, and possibly financial institution information, she will have to review and possibly redact each PAF individually.

She further testified that based on her past experience responding to public records requests, she can review approximately fifty emails per hour, depending on how many attachments there are to each email, to determine if there is protected or privileged information that must be redacted. Dollar estimated that given the number of responsive documents, and based on her experience, review of the emails would take her approximately 3,700 hours, and review of the PAFS would probably take an additional ninety hours. Dollar, whose hourly rate of pay is $26.38, further testified that she also has duties as a paralegal that she must accomplish during the time she would be

_____

[5]Because this court has previously held that a trial court has discretion to award a fee to a custodian for the time and expense incurred to examine or review the requested records, Wesley's assertion in her first assignment of error that the trial court erred in relying on an Attorney General opinion in deciding to award such a fee is without merit.

[6]While the transcript of the hearing indicates that Ms. Dollar's name is spelled "Andrea," it is spelled "Andria" in the pleadings of record.

reviewing requested documents, and that if she spent over 3,000 hours reviewing these documents, someone else would have to perform her job duties as a paralegal.

On cross-examination, however, Dollar conceded that about seventy-five to eighty days had passed since Wesley requested these documents in her September 12 and 13, 2018 public records requests, but that Dollar had not yet begun to review any of the documents responsive to Wesley's requests. Rather, once the Parish's IT personnel found the number of responsive emails, the Parish filed this lawsuit. Dollar further acknowledged that there had been two other suits in which the Parish sought to have a fee set for the time spent by Dollar to review documents requested pursuant to public records requests, and that in only one of those two cases did the requestor ultimately receive the documents requested.[7]

While LSA-R.S. 44:32(C)(3) has been interpreted as vesting the trial court with discretion to award a fee to the custodian for the time and expense incurred to examine or review the requested records to determine if they are subject to disclosure, questions nonetheless arise as to when and under what circumstances a custodian should request and a court, in its discretion, should impose a fee for the review of requested records. Louisiana Revised Statute 44:32(C)(3) is silent as to the circumstances under which such a fee should be imposed. Some states allow for the imposition of a "reasonable" fee for compilation, review, and possible redaction where the request is voluminous or will require extensive use of personnel time to fulfill. See e.g. Fla. Stat. § 119.07(4)(d); N.J. Stat. § 47:1A-5(c). On the other hand,

---

[7]While Dollar claimed that in one of those suits by the Parish, where the public records request involved approximately 62,000 emails, a fee was set at around $6,000.00 for her review of the requested emails, the record before us reveals that the district court in the matter involving approximately 62,000 emails actually set a fee of $1,970.00 for review and production of the records.

other states allow for all costs associated with compliance to be recovered. See e.g. Mich. Comp. Laws Ann. 15.234(1); Or. Stat. § 192.324(4); and Tx. Gov't Code § 552.261.

Because the Louisiana Public Records Law establishes, as the general rule, that no fee shall be charged for review to determine if a requested record is subject to disclosure, LSA-R.S. 44:32(C)(3), clearly a fee should be imposed only where the public records request is extraordinary in some manner. In that regard, the Louisiana Attorney General's Office has suggested that a custodian may wish to consider the appropriateness of seeking a judicial determination to request that a fee be charged where compilation of the records takes an extraordinary amount of time.[8] See La. Atty. Gen. Op. No. 17-0056, p. 6 (2018); and La. Atty Gen. Op. No. 14-0163, p. 6 (2015).

Moreover, while, contrary to Wesley's contention on appeal, the Louisiana Public Records Law clearly contemplates the right of a public body to bring a suit against a requestor, it does not expressly provide the procedure through which a custodian should request that the trial court assess a fee for such review or the time at which the custodian may judicially pursue such a request. See LSA-R.S. 44:32(C)(3) and 44:35(D)(2). While the precise procedure for making a request for such a judicial imposition of a fee for review is not set forth in the Louisiana Public Records Law, as discussed above, the courts of Louisiana have acknowledged the right of a public entity to seek a fee, the imposition of which is in the court's discretion. See Roper, 244 So. 3d at 471, and Sewell,

---

[8] While an Attorney General opinion is merely advisory and not binding authority, it may have some persuasive authority, particularly where there is no jurisprudence on point. See Dipaola v. Municipal Police Employees' Retirement System, 2014-0037 (La. App. 1st Cir. 9/25/14), 155 So. 3d 49, 53 n.4, writ denied, 2014-2575 (La. 2/27/15), 159 So. 3d 1071.

841 So. 2d at 27. However, in neither Roper nor Sewell did the public body institute suit against the requestor prior to the public body providing the requestor with any initial response to the public records requests. Rather, in both of those cases, the request was made in response to litigation instituted by the requestor. See Roper, 244 So. 3d at 470 (where the request for costs was raised by reconventional demand in a suit by the public records requestor for writ of mandamus and damages), and Sewell, 841 So. 2d at 26 (wherein the trial court, in the judgment ordering the custodian of public records to provide the plaintiff with a redacted copy of the requested records, further ordered the custodian to keep time records for the redaction and to submit a bill to the plaintiff for that time, a ruling ultimately reversed by the appellate court).

Nonetheless, while the Public Records Law in this state may not be clear on the procedure for requesting the assessment of a fee for review of requested records, especially as to the timing of such a request in relation to the custodian's duties of providing written notice to the requestor, the law is clear on the statutory duties of the custodian to timely respond to the requestor by: (1) immediately presenting a public record that is immediately available, or, if not immediately available, certifying such to the requestor and fixing a time within three days for the exercise of the right, LSA-R.S. 44:33(B)(1); (2) notifying the requestor within three days of each request of any question raised by the custodian as to whether a record is a public record, LSA-R.S. 44:32(D); or (3) within five days of each request, providing a written estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of the request. LSA-R.S. 44:35(A).

In the instant case, it is also clear that the Parish did not provide any written response to Wesley. Instead, rather than respond to Wesley as set forth in LSA-R.S. 44:32-35, the Parish filed the instant suit, naming Wesley as a defendant and seeking to have the trial court impose a fee for the review of the records responsive to Wesley's requests before any such review, even minimal, was performed by the Parish's custodian of records. Moreover, despite the statutory duty of the custodian to timely communicate **to the requestor** an estimate of time necessary to collect, examine, review, and redact the requested records, the Parish also sought to have **the court** set a reasonable time within which the Parish was to comply with Wesley's requests.

Thus, Wesley, in exercising her fundamental constitutional right of requesting public records, was named as a defendant in a lawsuit, and a judgment was rendered **against her**, ordering her to pay the Parish $10,000.00, before the Parish ever communicated to Wesley the length of time the Parish estimated it would take to respond to the requests given the breadth of the records revealed as potentially responsive in an IT search performed by the Parish. Additionally, the Parish never communicated to Wesley that, given the broad scope of the request, it would seek a judicial determination of a fee to be assessed, nor did it provide her with an opportunity to reduce the scope of the requests prior to any suit being filed. While LSA-R.S. 44:32(C)(3) does not specifically require that a custodian communicate such an intent to the requestor, a simple communication to that effect could have resulted in the parties reaching an agreement as to a reduced scope of the requests and thereby averted the need for any

litigation.[9]  The chilling effect of the fear of a requestor being named as a defendant and being forced to defend against a lawsuit with no prior communication from the custodian of public records as to the breadth of the records responsive to the request, an estimate of the length of time necessary to fulfill the request, or the possibility of the governmental entity seeking reimbursement of costs for review of the records simply cannot be denied.

We are sensitive to the expenditure of time and resources by governmental entities in responding to very large or voluminous requests and to the impact this can have on the operations of government.  As noted by the Third Circuit Court of Appeal in Johnson v. City of Pineville, 2008-1234 (La. App. 3rd Cir. 4/8/09), 9 So. 3d 313, 319, we live in an age of technology in which information technology has allowed governmental entities "to create astronomical numbers of documents."  However, we also further recognize that providing access to public records is a **legal duty** of the office of a custodian and his or her employees, and this duty **requires** the custodian to present any public record to any person of the age of majority who so requests, even if full production may take months.  LSA-R.S. 44:31 & 44:32; see Stevens, 264 So. 3d at 477-478.

We recognize that a trial court's decision in assessing a fee for the review of requested documents will not be reversed on appeal absent an abuse of discretion.  Roper, 244 So. 3d at 471.  Nonetheless, under the particular facts of this case, where the custodian admittedly never even reviewed any of the requested records to determine if any were immediately available and failed to respond in writing to Wesley as the requestor to

[9]Notably, the New Jersey Open Public Records Act, while authorizing a public agency to charge a "special service charge" for public records requests that involve "an extraordinary expenditure of time and effort to accommodate the request," specifically provides that "[t]he requestor shall have the opportunity to review and object to the charge prior to it being incurred." N.J. St. 47:1A-5(c).

11

provide her with an estimate of the time needed to review and redact records, where the Parish failed to respond even despite Wesley's reconventional demand seeking a response, and where the trial court had previously acknowledged Wesley's indigent status by allowing her to proceed in this litigation without the advance payment of costs, we must conclude that the trial court abused its discretion in imposing a $10,000.00 fee against Wesley for review of the requested documents. Accordingly, we reverse that portion of the trial court's December 17, 2018 judgment.

Turning to Wesley's contention in her fourth assignment of error that the trial court erred in finding that text messages on private cell phones, created in the commission of business for the Parish, are not public records, we note at the outset that while in written reasons for judgment, the trial court stated that the Parish was not the custodian of some of the text messages and that some of the text messages were not subject to the Public Records Law, the *judgment on appeal* is silent as to whether any of the requested text messages are public records or whether the Parish is the custodian of such records. Moreover, as noted in footnote two *supra*, the Parish did not request in its Petition for Declaratory Judgment a declaration as to whether it was the custodian of the requested text messages. A trial court's reasons for judgment form no part of the judgment, and they do not alter, affect, or amend the final judgment being appealed. Thus, appellate courts review judgments, not reasons for judgment. Wooley v. Lucksinger, 2009-0571, 2009-0584, 2009-0585, 2009-0586 (La. 4/1/11), 61 So. 3d 507, 572. Accordingly, this assignment of error presents nothing for our review.

Finally, in her sixth assignment of error, Wesley contends that the trial court erred in failing to find that the Parish and its custodian were arbitrary and capricious in their failure to comply with her public records requests.

12

However, Wesley's reconventional demand in which she sought writs of mandamus compelling the Parish to respond to her three public records requests and damages or penalties was not tried together with the Parish's petition for declaratory judgment at the December 7, 2018 hearing. Accordingly, on the record before us, the trial court has yet to rule upon Wesley's reconventional demand, and the issues raised therein are likewise not before this court in this appeal.

## CONCLUSION

For the above and foregoing reasons, the portions of the trial court's December 17, 2018 judgment, granting the Parish of Ascension's Petition for Declaratory Judgment and ordering Taleta Wesley to pay the Parish $10,000.00 for costs associated with redacting private information from the records she seeks, are hereby reversed. In all other respects, the judgment is affirmed. This matter is remanded to the trial court for further proceedings. Costs of this appeal in the amount of $3,181.96 are assessed against the Parish of Ascension.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**