HIGGINBOTHAM, J.
I ¿The October 14, 2014 judgment of the district court granted the defendant East Baton Rouge Parish School Board (EBRPSB) summary judgment, dismissing the Carolina Biological Supply Company (CBS) damages claims that were based on EBRPSB’s alleged violation of the Public Records Law. Although said judgment dismissed the CBS claims, the trial court awarded CBS civil penalties, attorney fees, and costs in the amount of $12,699.80. EBRPSB is now appealing this monetary award and also seeks review of interlocutory rulings made by the trial court.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
As discussed more fully below, this matter was before this court on a prior appeal; that opinion provides a more extensive discussion of the facts and procedural history of this matter. See Carolina Biological Supply Company v. East Baton Rouge Parish School Board, 2011-0301 (LaApp. *1123 1st Cir.3/14/12) 2012 WL 895995 (unpublished), 90 So.3d 577 (table), writ denied, 2012-0836, (La.5/25/12), 90 So.3d 418 ((Carolina Biological Supply I). For purposes of this appeal, we summarize the facts and procedural history.
In the spring of 2009, EBRPSB secured federal funds to implement a science initiative for kindergarten through fifth grade students using kit-based instruction. CBS was an unsuccessful bidder on the educational materials contract awarded by EBRPSB. The contract was awarded to Delta Education, LLC (Delta).
On September 1, 2009, pursuant to the Public Records Law, CBS submitted a public records request to the EBRPSB seeking documents related in any way to the request for proposals for the science kit instruction. On September 3, 2009, and September 10, 2009, EBRPSB produced documents responsive to CBS’s request.
|3On September 25, 2009, CBS filed suit challenging the award of the contract, alleging that EBRPSB had violated the Public Bid Law and seeking a preliminary and permanent injunction to prevent the award of the contract to Delta, the successful bidder. EBRPSB filed exceptions of prescription, no cause of action, and improper use of summary proceedings. In a judgment dated October 21, 2009, the district court overruled the exception of prescription, but sustained the exceptions of no cause of action and unauthorized use of summary proceedings. That judgment granted CBS fifteen days within which to amend its petition to state a cause of action.
During this time, EBRPSB discovered that an expedited requisition to Delta, dated August 31, 2009, had not been submitted in conformance with the September 1, 2009 public records request of CBS. On October 1, 2009, EBRPSB, submitted the missing requisition to CBS.
On October 28, 2009, CBS filed an amended petition, seeking nullity of EBRPSB’s contract with Delta on the basis of EBRPSB’s alleged violations of the Public Bid Law, and also seeking an award of damages. In the amended petition, CBS asserted for the first time an additional claim against EBRPSB seeking damages for an alleged violation of the Public Records Law. See La. R.S. 44:1 et seq. In the amended petition, CBS contends that EBRPSB’s failure to fully and timely respond to CBS’s public records request, as required by La. R.S. 44:32, caused CBS to suffer damages.[1]
On November 16, 2010, the district court rendered a partial summary judgment in favor of EBRPSB, finding no violation of the Public Bid Law and | ¿dismissing CBS’s claims related to the alleged violation. On that same date, the district court also overruled EBRPSB’s peremptory exception of prescription. Those two portions of the November 16, 2010 judgment were later certified as final for purposes of appeal, by way of amended judgment signed on March 28, 2011, which formed the basis of the prior appeal. See Carolina Biological Supply Company I. In the first appeal, this court raised on its own motion and sustained an objection of no right of action, finding CBS had no right of action for damages against EBRPSB for any violation of the Public Bid Law because CBS *1124 was not the lowest and most responsive bidder.
On November 16, 2010, the district court also rendered judgments overruling EBRPSB’s peremptory exception of no right of action, and granting CBS’s motion for partial summary judgment, finding EBRPSB had violated the Public Records Law. However, those two portions of the judgment were not certified as final for purposes of appeal and, the March 28,2011 amended judgment expressly provides that the granting of the partial summary judgment on the issue of violations of the Public Records Law was not certified as final for purposes of appeal.
In granting this partial summary judgment in favor of CBS, finding that EBRPSB violated the Public Records Law by failing to provide all the responsive documents requested by CBS, the district court stated in written reasons:
Though EBR[PSB] produced documents in an attempt to respond to CBS’[s] public records requests on September 3, 2009 and September 10, 2009, the response failed to include a copy of the expedited requisition from EBR[PSB] to Delta dated August 31, 2009. This document was not produced until October 1, 2009, beyond the five day legal requirement. EBR[PSB] has offered no sufficient justification as for its failure to produce the expedited requisition and contention. The Court finds that EBR[PSB]’s failure to fully comply or timely respond to CBS’[s] public records request was a violation of the Public Records Law.
Subsequent to this court’s March 14, 2012 decision in the prior appeal, the district court set a hearing date to determine what damages CBS was entitled to for IfiEBRPSB’s violation of the Public Records Law. On May 23, 2013, EBRPSB filed a motion for summary judgment seeking dismissal of CBS’s claims for damages based on alleged violations of the Public Records Law. EBRPSB denied liability based on any such alleged violation because it ultimately produced the requested documents before CBS filed its amended petition asserting a claim under the Public Records Law. EBRPSB also represented that the failure to include the document at issue with its earlier response to the request was .simply an oversight.
EBRPSB’s motion for summary judgment came before the district court on August 26, 2013, after which the district court rendered judgment on October 14, 2014, granting EBRPSB’s motion for summary judgment dismissing CBS, but also ordering EBRPSB to pay CBS: (1) civil penalties (pursuant to La. R.S. 44:35) in the total amount of $1,700.00 ($100.00 per day for seventeen days); (2) attorney fees in the amount of $10,384.00 incurred by CBS in prosecuting the Public Records Law claim; and (3) costs incurred by CBS in prosecuting the claim in the amount of $615.80. EBRPSB appeals that judgment and also' seeks review of the interlocutory ruling previously rendered by judgment dated November 16, 2010, that overruled its peremptory exception raising the objection of no right of action. Additionally, we review the interlocutory judgment of the district court dated November 16, 2010, granting CBS’s motion for partial summary judgment finding that EBRPSB violated the Public Records Law.[2]
LAW AND ANALYSIS
EBRPSB contends that the district court erred when it awarded penalties, attorney fees, and costs to CBS under *1125 Louisiana’s Public Records Law because EBRPSB voluntarily and completely complied with CBS’s records request prior to |fithe institution of any legal proceeding asserting a claim under the Public Records Law. Additionally, EBRPSB contends that the district court erred in granting its motion for summary judgment, but still awarding penalties, attorney fees, and costs.
In favor of its position, EBRPSB points out that it produced all other documents responsive to CBS’s request by October 1, 2009, and that CBS did not file its amended petition asserting a claim under the Public Records law until October 28, 2009. Thus, EBRPSB contends that it had fully complied with CBS’s public records request before, CBS filed a claim under the Public Records Law. For the following reasons, we agree with the reasoning asserted by the EBRPSB, and find that CBS’s claims should be dismissed for the failure to state a cause of action.
The failure to disclose a cause of action may be noticed by an appellate court on its own motion. La. Code Civ, P. art. 927. A peremptory exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La.3/17/06), 929 So.2d 1211, 1217. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. Id. In reviewing a district court’s ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review, because the exception raises a question of law and the district court’s decision is based only on the sufficiency of the petition. Id.
It is well-settled that the public’s right of access to public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public Records Law set forth in La. R.S. 44:1, et seq. See City of Baton Rouge Parish of East Baton Rouge v. Capital City Press, L.L.C., 2007-1088 (La.App. 1st Cir.10/10/08), 4 So.3d 807, 817. Louisiana Constitution, Article 12, § 3 mandates that “[n]o person shall be denied the right to ... examine public documents, except in cases established by law.” The enforcement provision under the Public Records Law at the time of CBS’s request is provided in La. R.S. 44:35, which provides, with emphasis added:
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public.holidays, from the date of his request without receiving a final determination in writing by the custodian may institute proceedings for the issuance of a writ of mandamus, injunc-tive or declaratory relief, together with attorney’s fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
C. . Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. *1126 Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney’s fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney’s fees or an appropriate portion thereof.
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the | «requester any actual damages-proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester’s attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorney fees to the custodian.
F.An award for attorney fees in any suit brought under the pro-visions of this Chapter shall not exceed the amounts approved by the attorney general for the employment of outside counsel.
As stated above, Louisiana Revised Statute 44:35(A) authorizes a person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record to institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief. Additionally, “together with” the issuance of a writ of mandamus, injunctive or declaratory relief, the requestor may seek attorney fees, costs and damages. Subsection D of the statute provides that if a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs.
Under the clear language of this statute, the Public Records Law does not contemplate nor provide for damages separate from a proceeding seeking judicial intervention to force compliance with a public records request through the issuance of a writ of mandamus or injunctive or declaratory relief, and a judicial finding that the custodian arbitrarily or capriciously withheld the requested record or | ¡¡unreasonably or arbitrarily failed to respond to the request. See La. R.S. 44:35(A) and (E). The statute provides no cause of action for a requestor to seek ordinary relief for damages, costs, or attorney fees in situations where a public entity complies, even if untimely, with a public records request prior to the filing of any legal proceedings.[3]
*1127 In its amended petition filed' on October 28, 2009, CBS sought damages under ■ the Public Records Law for EBRPSB’s alleged untimely production of the requisition issued to Delta. However, because all the records had been produced by October 1, 2009, CBS did not request the issuance of a writ of mandamus, or injunctive or declaratory relief. The amended petition filed by CBS states that the requested records were not timely provided, but it was clear from the amended petition that all documents responsive to CBS’s public records request had been produced prior to CBS filing for relief under the Public Records Law.
The statute provides for damages, penalties, attorney fees and costs “together with” a request for mandamus, injunctive or declaratory relief. Such relief was not available at the time CBS asserted its claim under the statute, since CBS had been given all the documents it requested. Therefore, under the factual allegations set forth in CBS’s petition, it has failed to state a cause of action for damages, attorney fees, and costs pursuant to La. R.S. 44:35, because' that statute exclusively provides for damages, penalties, attorney fees, and costs only when filed in conjunction with mandamus, injunctive, or declaratory relief.
Because CBS’s amended petition did not assert a claim for mandamus, injunctive, or declaratory relief, we conclude that CBS failed to state a cause action for damages, attorney fees, and costs under Louisiana’s Public Records Law.. For |inthat reason we sustain on our own motion a peremptory exception raising the objection of no cause of action.[4]
CONCLUSION
Based on the foregoing, we reverse the portion of the November 16, 2010 judgment of the trial court that found EBRPSB violated the Public Records Law. Further, on our own motion, we render judgment sustaining a peremptory exception of no cause of action. All claims raised by Carolina Biological Supply Company. under the Public Records Law are hereby dismissed.[5] All costs of this appeal are assessed against Carolina Biological Supply Company.
TRIAL COURT JUDGMENT REVERSED; PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO CAUSE OF ACTION SUSTAINED; CLAIMS DISMISSED.

. CBS conténds that it was not aware of the expedited requisition that was issued to Delta on August 31, 2009, and approved September 3, 2009, until October 1, 2009, after the contract was completed. CBS maintains that EBRPSB’s withholding of the document caused damages, including loss of CBS’s right to enjoin the contracts, loss of CBS's competitive advantage over Delta, loss of CBS’s right to perform under the contract, and significant attorney fees for bringing an action to enjoin the contract.

. Interlocutory judgments rendered during the progression of a suit may be reviewed in the appeal of the final judgment in the suit. See People of Living God v. Chantilly Corp., 251 La. 943, 947-48, 207 So.2d 752, 753 (1968).

. We distinguish this case from the line of cases in which the records were produced after the requestor instituted legal proceedings, but before a hearing was held finding that *1127 requestor prevailed in the suit as provided in La. R.S. 44:35(D). See Heath v. City of Alexandria, 2009-28 (La.App. 3d Cir.5/6/09), 11 So.3d 569, 572; Johnson v. City of Pineville, 2008-1234 (La.App. 3d Cir.4/8/09), 9 So.3d 313, 317.

. In the instant case, ’ CBS did not state a cause of action under La. R.S. 44:35 because the statute provides CBS with no remedy, so CBS cannot cure the defect by amending the petition. Thus, CBS need not be given leave to amend the petition as- to a cause of action under La. R.S. 44:35. See La. Code Civ. P. art. 934.

. Having found that CBS failed to state a cause of action under the Public Records Law, we pretermit addressing EBRPSB’s contention that CBS had no right of action under the Public Records Law.