STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2018 CA 1595

ANTHONY MISITA AND GLENN AND LINDA TORRES

VERSUS

THE ST. TAMMANY PARISH GOVERNMENT

*Consolidated with*

NUMBER 2018 CA 1596

ANTHONY MISITA

VERSUS

JOHN MAUMOULIDES, LAKELOTS, INC., INTREPID, INC., ONE CONSORT INTERNATIONAL, LLC, LAKE RAMSEY DEVELOPMENT AND ST. TAMMANY PARISH GOVERNMENT

Judgment Rendered: SEP 1 1 2019

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany, Louisiana
Docket Number 2018-10697 c/w 2013-14638

Honorable Richard A. Swartz, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Louis R. Koerner, Jr.<br>New Orleans, LA<br>and<br>Pierre V. Miller, II<br>New Orleans, LA | Counsel for Plaintiffs/Appellants,<br>Anthony Misita and Glenn and<br>Linda Torres |
| Kelly M. Rabalais<br>Angel M. Byrum<br>Deborah S. Henton<br>Mandeville, LA | Counsel for Defendant/Appellee,<br>St. Tammany Parish Government |

McClendon, J. dissents for reasons assigned.

Thomas H. Huval                    Counsel for Defendants,
Covington, LA                      John Maumolides, Lakelots Inc., Intrepid,
                                   Inc., Lake Ramsey Development, Artesian
                                   Utility Company, Inc., and David Guidry

Thomas P. Anzelmo                  Counsel for Defendants,
Christine M. Berger                Paul Carroll, Kevin Davis, Joey Lobrano,
New Orleans, LA                    Brian Forstein, and James A. (Red) Thompson

*************

BEFORE: WHIPPLE, C.J., McCLENDON, WELCH,
HIGGINBOTHAM, AND PENZATO, JJ.

**WHIPPLE, C.J.**

This is an appeal from a judgment of the Twenty-Second Judicial District Court in St. Tammany Parish, granting the defendant's exception of no cause of action and dismissing the plaintiffs' suit with prejudice. For the following reasons, we affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On February 9, 2018, Anthony Misita and Glenn and Linda Torres ("collectively referred to as "plaintiffs") filed a "Petition for Mandamus, Penalties, and Attorney's Fees," naming the St. Tammany Parish Government ("the Parish") as defendant. Plaintiffs' mandamus claims are related to separate claims for damages asserted by plaintiffs against the Parish and other defendants regarding alleged flooding issues on their properties in St. Tammany Parish. In their mandamus petition, plaintiffs asserted that they were entitled to certain documents sought pursuant to a public records request relevant to the flooding issues, but that the Parish had failed to produce the documents as required for compliance with the Public Records Act.[1] Thus, plaintiffs sought writs of mandamus ordering the Parish to produce the requested records.[2]

In response, the Parish filed various exceptions, including a peremptory exception raising the objection of no cause of action. In support of its exception, the Parish contended that plaintiffs were not entitled to institute this action because the Parish had not denied plaintiffs' request for records or refused to respond, but instead timely provided an estimate of the time reasonably necessary to respond. Additionally, the Parish contended that it had previously reproduced or made available for inspection many of the requested records in response to a 2014 public records request by plaintiffs, which earlier request contained many identical or

---

[1]LSA-R.S. 44:1 et seq.

[2]The mandamus suit was later consolidated with the property damage suit.

3

very similar requests as plaintiffs' public records request that forms the basis of this mandamus suit.

At the hearing on the exceptions, counsel for the Parish argued that plaintiffs' petition did not allege that plaintiffs had been denied records and, further, that the Parish had in fact complied with the Public Records Act when it responded to plaintiffs that collection and review of the requested records would take an estimated six months.[3] At the conclusion of the hearing, the trial court stated that it would sustain the exception of no cause of action, finding that the Parish had complied with plaintiffs' public records request by providing a deadline within which it would respond. Thus, by judgment dated March 21, 2018, the court sustained the Parish's exception of no cause of action and dismissed plaintiffs' petition with prejudice.[4]

From this judgment, plaintiffs now appeal, contending that the trial court erred in: (1) failing to utilize the proper standard for consideration of an exception of no cause of action, which led to the erroneous granting of the exception; (2) failing to offer plaintiffs an opportunity to amend their petition to correct any alleged defect; and (3) failing to state clear reasons for the granting of the exception or to state why plaintiffs were not offered an opportunity to amend their pleadings.

In connection with their appeal, plaintiffs filed a Motion to Supplement the Record on Appeal, attaching certain documents they purportedly received from the Parish in response to the public records request, including "determination letters" dated September 14, 2018 and October 19, 2018. Plaintiffs assert that the Parish's

---

[3]Counsel for the Parish noted that one of its response letters was attached to plaintiffs' petition.

[4]In the judgment, the trial court also overruled the exception of no right of action and decreed that the exception of prematurity was moot. Additionally, plaintiffs were cast in judgment for the Parish's court costs associated with defending the mandamus action.

4

responses in the correspondence are inconsistent with the pleadings and oral representations made by the Parish to the trial court and that the letters, being official responses from the Parish, are therefore relevant to the issues before this court.

The Parish filed a Motion to Strike, opposing the supplementation request and requesting that this court strike any reference in plaintiffs' briefs that are related to facts and evidence not a part of the appellate record. The Parish contends that plaintiffs are attempting to introduce documents that postdate the perfection of this appeal and that pertain to public records requests unrelated to the judgment on appeal.

We will address the motions prior to considering the merits of the appeal.

## MOTION TO SUPPLEMENT AND MOTION TO STRIKE

An appellate court must render any judgment which is just, legal, and proper upon the record on appeal. LSA-C.C.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions (if applicable), judgments, and other rulings, unless otherwise designated. As an appellate court, we have no jurisdiction to review evidence that is not in the record on appeal, and we cannot receive new evidence. See La. C.C.P. art. 2127 and 2128; Official Revision Comment (d) for La. C.C.P. art. 2127; Niemann v. Crosby Development Company, LLC, 2011-1337 (La. App. 1st Cir. 5/3/12), 92 So.3d 1039, 1044. Because the documents that plaintiffs seek to have supplemented into the appellate record clearly postdate the judgment on appeal and clearly were not considered by the trial court below, the motion to supplement is denied.

Turning to the motion to strike, pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.2(C), the language used in briefs shall be free from insulting, abusive, discourteous, or irrelevant matter. This court has no authority to consider

5

on appeal facts referred to in appellate briefs if those facts are not in the record on appeal. LSA-C.C.P. art. 2164; In re Succession of Badeaux, 2008-1085 (La. App. 1st Cir. 3/27/09), 12 So. 3d 348, 352, writ denied, 2009-0822 (La. 5/29/09), 9 So. 3d 166.

Based on our review of the motion, the record on appeal, and plaintiffs' original and reply briefs, we grant the motion to strike any reference in plaintiffs' briefs to documents or facts not contained in the appellate record. See Harrelson v. Arcadia, 2010-1647 (La. App. 1st Cir. 6/10/11), 68 So. 3d 663, 665 n.4, writ denied, 2011-1531 (La. 10/7/11), 71 So. 3d 316.

## EXCEPTION OF NO CAUSE OF ACTION

The peremptory exception raising the exception of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy under the facts alleged. Tracer Security Services, Inc. v. Ledet, 2018-0269 (La. App. 1st Cir. 9/24/18), 259 So. 3d 353, 355. Generally, the exception is triable solely on the face of the petition and any attached documents, and no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931; Paulsell v. State, Department of Transportation and Development, 2012-0396 (La. App. 1st Cir. 12/28/12), 112 So. 3d 856, 864, writ denied, 2013-0274 (La. 3/15/13), 109 So. 3d 386. However, the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence admitted without objection. Woodland Ridge Association v. Cangelosi, 94-2604 (La. App. 1st Cir. 10/6/95), 671 So. 2d 508, 510. In those instances, the pleadings are considered to have been enlarged. City National Bank of Baton Rouge v. Brown, 599 So. 2d 787, 789 (La. App. 1st Cir.), writ denied, 604 So. 2d 999 (La. 1992). Otherwise, the court must accept all factual allegations of the petition as true and maintain the exception only if no remedy is afforded under the allegations asserted. Cangelosi, 671 So. 2d at 510.

The burden of establishing that a petition fails to state a cause of action is on the mover. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on the exception is *de novo*.[5] Maw Enterprises, L.L.C. v. City of Marksville, 2014-0090 (La. 9/3/14), 149 So. 3d 210, 215. The pertinent inquiry is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. Maw Enterprises, L.L.C., 149 So. 3d at 215.

It is well settled that the public's right of access to public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public Records Act set forth in LSA-R.S. 44:1 et seq. Carolina Biological Supply Company v. East Baton Rouge Parish School Board, 2015-1080 (La. App. 1st Cir. 8/31/16), 202 So. 3d 1121, 1125. Article 12, section 3 of the Louisiana Constitution mandates that "[n]o person shall be denied the right to … examine public documents, except in cases established by law."

The custodian of the record shall present it to any person of the age of majority who so requests. LSA-R.S. 44:32(A). While the record generally must be made available immediately, the Public Records Act recognizes that some reasonable delay may be necessary to compile, review, and, when necessary, redact or withhold certain records that are not subject to production. See LSA-R.S. 44:33; Stevens v. St. Tammany Parish Government, 2017-0959 (La. App. 1st Cir. 7/18/18), 264 So. 3d 456, 462, writ denied, 2018-2062 (La. 2/18/19), 265 So. 3d 773. In such a case, within five business days of the request, the custodian must provide a written "estimate of the time reasonably necessary for collection,

---

[5]Because our review of the exception is *de novo*, we decline to address plaintiffs' contention that the trial court failed to utilize the proper standard for consideration of an exception of no cause of action.

7

segregation, redaction, examination, or review of a records request." LSA-R.S. 44:35(A); Stevens, 264 So. 3d at 462.

The enforcement provision under the Public Records Act is contained in LSA-R.S. 44:35 and provides, in pertinent part, as follows:

> A.    **Any person who has been denied the right to inspect**, copy, reproduce, or obtain a copy or reproduction of **a record** under the provisions of this Chapter, either by a determination of the custodian or **by the passage of five days**, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request **without receiving** a determination in writing by the custodian or **an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section**, in the district court for the parish in which the office of the custodian is located.

> B.    In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.

(Emphasis added).

In the instant case, plaintiffs' petition sets forth that plaintiffs sent a public records request to the Parish on October 30, 2017, and again on December 17, 2017. The public records request, which was attached to the petition, contained 134 individual requests for documents. Plaintiffs further averred in their petition that the Parish responded to their public records request on November 8, 2017, providing a preliminary estimate of six months for the Parish to compile the requested records, but not offering to produce any files at that time. The Parish's November 8, 2017 response was likewise attached to their petition. Also attached

8

to plaintiffs' petition was the Parish's January 5, 2018 response,[6] wherein the Parish noted that documents previously made available or reproduced were responsive, at least in part, and inviting plaintiffs to immediately come in and inspect a dedicated drive and copies of documents previously produced in the drainage litigation or in response to prior public records requests. The January 5, 2018 response further stated that the Parish believed it would soon be able to provide a more complete response and that it was not denying plaintiffs' rights to access to public records.

According to the petition, which was filed on February 9, 2018, the Parish had not yet produced any documents. Thus, plaintiffs requested a writ of mandamus, directing the Parish to release the requested documents to them.

At the outset, we note that while plaintiffs alleged in their petition that "[n]o documents had yet been produced" and that the Parish had failed to comply "adequately and timely or at all" with their public records request, a review of the petition and the attachments thereto demonstrates that the Parish did in fact respond to plaintiffs' public records request on November 8, 2017, stating that it would need an estimated six months to collect, examine, review, segregate (if necessary), and redact (if necessary) the records requested.[7] See LSA-R.S. 44:35(A) (any person who has been denied the right to inspect a record "without

---

[6]While not alleged in or attached to the petition, an earlier December 20, 2017 response to plaintiffs' December 17, 2017 duplicate public records request is contained in the record on appeal.

[7]Although the Parish averred in its answer that within five working days of receiving plaintiffs' public records request, it had provided an estimate of six months to comprehensively respond, it appears that the November 8, 2017 response may have been one day beyond the five-day period set forth in LSA-R.S. 44:35(A). However, plaintiffs had received the Parish's November 8, 2017 response well before they filed suit for mandamus on February 9, 2018. See generally Carolina Biological Supply Co., 202 So. 3d at 1126 (The Public Records Act provides no cause of action for a requestor to seek ordinary relief for damages, costs, or attorney's fees in situations where a public entity complies, even if untimely, with a public records request prior to the filing of any legal proceedings). Moreover, a review of plaintiffs' petition demonstrates that the basis for their request for relief centered around their allegations that the Parish had not yet produced any of the requested records, which allegedly resulted in plaintiffs not having certain records at a January 8, 2018 hearing in the underlying property damage litigation.

9

receiving ... an estimate of the time reasonably necessary for collection, segrgation, redaction, examination, or review of a records request" may institute proceedings for the issuance of a writ of mandamus); see Aswell v. Division of Administration, State, 2015-1851 (La. App. 1st Cir. 6/3/16), 196 So. 3d 90, 95-96, writ denied, 2016-1263 (La. 11/7/16), 209 So. 3d 102 (custodian did not violate Public Records Act where it provided an estimated time reasonably necessary for collection, segregation, and redaction of the requested records). Thus, at the time the petition was filed, and as acknowledged in the petition and demonstrated by the documents attached thereto, the Parish had responded to plaintiffs' public records request with an estimate of time it deemed reasonably necessary to make the requested records available.

Nonetheless, plaintiffs filed their petition for mandamus on February 9, 2018, only about three and one-half months after they initially sent the public records request, and prior to the expiration of the six-month period the Parish estimated would be reasonably necessary to compile the records. Moreover, we note that plaintiffs did not allege in their petition that the six-month period was an **unreasonable** estimate of the amount of time necessary to comply with the 134 individual requests or an attempt to effectively deny them access to these public records. See Johnson v. Broussard, 2012-1982 (La. App. 1st Cir. 6/7/13), 118 So. 3d 1249, 1253 & 1255 (requester was entitled to mandamus relief where court found that the custodian's estimate of "weeks and probably months" to pre-screen files to prevent access to confidential information was contradicted by expert testimony that retrieval of the requested information should take no more than four hours).

Thus, on *de novo* review, we likewise conclude that plaintiffs have not stated a cause of action under the Public Records Act for mandamus on the basis of the Parish's failure to respond to their public records request. Nonetheless, we

conclude that the trial court erred in dismissing plaintiffs' petition without allowing plaintiffs the opportunity to amend their petition to state a cause of action. See LSA-C.C.P. art. 934; see generally Carolina Biological Supply Company, 202 So. 3d at 1122 & 1127 (in suit for alleged violation of the Public Records Act, district court's judgment sustaining an exception of no cause of action granted plaintiff fifteen days to amend petition; however, where amended petition also failed to state a cause of action, appellate court granted an exception of no cause of action on its own motion). Accordingly, while we affirm the trial court's sustaining of the peremptory exception of no cause of action, we must reverse that portion of the judgment that dismissed plaintiffs' suit with prejudice without the opportunity to amend their petition to state a cause of action, if they can do so.

## CONCLUSION

For the above and foregoing reasons, plaintiffs' Motion to Supplement the Record on Appeal is denied. The Parish's Motion to Strike is granted as to those portions of plaintiffs' briefs referencing facts and documents that are not contained in the appellate record. As to the trial court's March 21, 2018 judgment, the portion of the judgment sustaining St. Tammany Parish Government's exception raising the objection of no cause of action is hereby affirmed. That portion of the March 21, 2018 judgment dismissing plaintiffs' petition for mandamus, penalties, and attorney's fees with prejudice is reversed. This matter is remanded to the trial court with instructions to grant plaintiffs the opportunity to amend their petition to state a cause of action, if they can do so. Costs of this appeal are assessed equally between plaintiffs and St. Tammany Parish Government.

**MOTION TO SUPPLEMENT RECORD ON APPEAL DENIED; MOTION TO STRIKE GRANTED; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; MATTER REMANDED WITH INSTRUCTIONS.**

11

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2018 CA 1595

# ANTHONY MISITA, ET AL

# VERSUS

# THE ST. TAMMANY PARISH GOVERNMENT

**************************************************

**MCCLENDON, J., dissenting in part.**

I disagree with the majority's decision to remand this matter to the trial court. Given the facts of this case, I do not believe the grounds of the objection pled may be removed by amendment.