**NOT FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1199

MR. DAVID L. WILSON

VERSUS

MS. KRYSTAL HOWELL, ET AL

Judgment Rendered: **MAY 1 9 2022**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 690523

Honorable Donald T. Johnson, Judge Presiding

* * * * *

David L. Wilson                          Pro Se for Plaintiff-Appellant,
St. Gabriel, LA                          David L. Wilson


Jeffrey K. Cody                          Attorneys for Defendant-Appellee,
John C. Conine, Jr.                      Doug Welborn, in his official capacity
John C. Walsh                            as Clerk of Court for East Baton Rouge
Baton Rouge, LA                          Parish


* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

In this mandamus action arising out of a public records request, plaintiff, David L. Wilson, appeals a judgment sustaining the peremptory exception raising the objection of no cause of action filed by defendant, Doug Welborn, in his official capacity as Clerk of Court for East Baton Rouge Parish. For the reasons that follow, we affirm in part and vacate in part.

## FACTS AND PROCEDURAL HISTORY

David L. Wilson, an inmate incarcerated at Elayn Hunt Correctional Center, instituted this suit by filing an Application for Writ of Mandamus (hereinafter referred to as "Petition") on November 12, 2019, naming as defendants: Krystal Howell, court reporter; Doug Welborn, in his official capacity as Clerk of Court for East Baton Rouge Parish ("Clerk"); and Ann B. McCrory, judicial administrator for the 19th Judicial District Court.

According to the allegations of the Petition, Mr. Wilson submitted a public records request to Ms. Howell, dated March 24, 2019, seeking the tape recording of trial proceedings previously held in his criminal case, identified as Case No. 03-00-0682. Mr. Wilson indicated that he never received a response to this request. Thereafter, Mr. Wilson submitted a separate public records request to the Clerk, dated May 6, 2019, and admitted to having received a timely response to this request from Deputy Clerk Donny Caldera. Answering on behalf of the Clerk, Mr. Caldera informed Mr. Wilson that the tape recording was maintained by the court reporter and that Mr. Wilson would need to direct the request for the tape recording to the judicial administrator, Ms. McCrory.

In a letter to Ms. McCrory dated May 15, 2019, Mr. Wilson submitted another public records request for the tape recording. Ms. McCrory responded to Mr. Wilson in a letter dated May 28, 2019, denying Mr. Wilson's public records request on the

2

basis that the Public Records Law, La. R.S. 44:1, *et seq.*, did not apply to the requested tape recording, citing to La. R.S. 44:4(47)(a).

Mr. Wilson's Petition sought mandamus relief directing the Clerk, Ms. McCrory, Ms. Howell, and any other former employee of the court "to cease from withholding this 'tape recording' and to deliver the effects for the Office of the Clerk of Court of the trial proceedings in its entirety" as well as costs and damages pursuant to La. R.S. 44:35(E)(1).[1] In response, the Clerk filed a peremptory exception raising the objection of no cause of action.

The Clerk maintained that the Petition itself admits that the Clerk timely responded to the public records request. Moreover, the response indicated that the tape recording was maintained by the court reporter, and the request should be made through the judicial administrator. According to the Clerk, Mr. Wilson failed to state a cause of action for any mandamus relief or damages against the Clerk. In further support of his exception, the Clerk also noted that the record requested – the tape recording of Mr. Wilson's criminal trial – is not considered a public record and that the Clerk is not the custodian of the record.

The trial court ultimately held a hearing on the Clerk's exception via video proceedings on June 29, 2021, and sustained the exception raising the objection of no cause of action as prayed for by the Clerk. However, the judgment sustaining the exception, signed by the trial court on July 27, 2021, dismissed "this matter" with prejudice. It is from the July 27, 2021 judgment that Mr. Wilson appeals.

---

[1] Louisiana Revised Statutes 44:35(E)(1) provides as follows:

If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

3

## LAW AND DISCUSSION

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,** 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action, and all well-pleaded allegations of fact are accepted by the court as true. **Goodwin v. City of Mandeville,** 2018-1118 (La. App. 1st Cir. 5/31/19), 277 So.3d 822, 827, writ denied, 2019-01083 (La. 10/8/19); see also La. Code Civ. P. art. 931. Additionally, the facts shown in any documents annexed to the petition must also be accepted as true. **Cardinale v. Stanga,** 2001-1443 (La. App. 1st Cir. 9/27/02), 835 So.2d 576, 578; see also La. Code Civ. P. art. 853 ("A copy of any written instrument that is an exhibit to a pleading is a part thereof.").

The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. **City of New Orleans v. Board of Directors of Louisiana State Museum,** 98-1170 (La. 3/2/99), 739 So.2d 748, 755. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, an appellate court should subject the case to *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. **Fink v. Bryant,** 2001-0987 (La. 11/28/01), 801 So.2d 346, 349. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. **Scheffler v. Adams & Reese, LLP,** 2006-1774 (La. 2/22/07), 950 So.2d 641, 647. When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Thus, if the petition sets forth a cause of action, none of the other causes of action may be dismissed based on an exception pleading the objection of no cause

4

of action. **Copeland v. Treasure Chest Casino, L.L.C.**, 2001-1122 (La. App. 1st Cir. 6/21/02), 822 So.2d 68, 70.

### *Public Records Law*

It is well-settled that the public's right of access to public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public Records Law set forth in La. R.S. 44:1, *et seq.* **Carolina Biological Supply Co. v. East Baton Rouge Parish School Board**, 2015-1080 (La. App. 1st Cir. 8/31/16), 202 So.3d 1121, 1125. Louisiana Constitution Article 12, § 3 mandates that "[n]o person shall be denied the right to ... examine public documents, except in cases established by law."

The enforcement provision under the Public Records Law, La. R.S. 44:35, provides, in pertinent part, as follows:

> **A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter,** either **by a determination of the custodian ... may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief,** *together with* **attorney fees, costs and damages as provided for by this Section,** in the district court for the parish in which the office of the custodian is located.
>
> ...
>
> D. (1) **If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation.** If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
>
> ...
>
> E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

5

(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorney fees to the custodian.

F. An award for attorney fees in any suit brought under the provisions of this Chapter shall not exceed the amounts approved by the attorney general for the employment of outside counsel.

(Emphasis added.)

As stated above, La. R.S. 44:35(A) authorizes a person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record to institute proceedings for the issuance of a writ of mandamus. Additionally, "together with" the issuance of a writ of mandamus the requestor may seek attorney fees, costs and damages. Subsection D of the statute provides that if a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs. **Carolina Biological Supply Co.**, 202 So.3d at 1126.

Under the clear language of this statute, the Public Records Law does not contemplate or provide for damages separate from a proceeding seeking judicial intervention to force compliance with a public records request through the issuance of a writ of mandamus or injunctive or declaratory relief. Additionally, there must be a judicial finding that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request. See La. R.S. 44:35(A) and (E). The statute provides no cause of action for a requestor to seek ordinary relief for damages, costs, or attorney fees in situations where a public entity complies, *even if untimely*, with a public records request prior to the filing of any legal proceedings. **Carolina Biological Supply Co.**, 202 So.3d at 1126.

In **Carolina Biological Supply Co.**, the plaintiff filed a petition for damages pursuant to La. R.S. 44:35, maintaining that the records were not timely provided in accordance with the statute, although provided before suit was filed. After the trial court issued a judgment dismissing plaintiff's claims against the public entity yet also awarding the plaintiff civil penalties, attorney fees, and costs, the public entity appealed. In view of the factual allegations set forth in the plaintiff's petition, this court determined that the requestor failed to state a cause of action for damages, attorney fees, and costs pursuant to La. R.S. 44:35, noting that the statute provides for damages, penalties, attorney fees, and costs only when filed in conjunction with mandamus, injunctive, or declaratory relief. Moreover, because the petition did not (nor could it) assert a claim for mandamus, injunctive, or declaratory relief, the plaintiff failed to state a cause of action for damages, attorney fees, and costs. **Id.** at 1127.

In the present matter, Mr. Wilson seeks mandamus relief as well as costs and damages pursuant to La. R.S. 44:35(E)(1). However, should the Petition fail to state a cause of action for mandamus relief, Mr. Wilson's claims for costs and damages would necessarily fail as well. **Carolina Biological Supply Co.**, 202 So.3d at 1126. Viewing the allegations of the Petition and all attachments thereto in the light most favorable to Mr. Wilson, we conclude that Mr. Wilson has not stated a cause of action under the Public Records Law for mandamus relief.

The tape recording of Mr. Wilson's criminal trial is not a public record to which the Public Records Law, set forth in Chapter 1 of Title 44, applies. A "public record" is defined in La. R.S. 44:1(A)(2)(a), which provides, in pertinent part, as follows:

> *All* books, records, writings, … *tapes, recordings*, memoranda, and papers, and all copies, duplicates, … regardless of physical form or characteristics, … *having been used*, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which

7

was conducted, transacted, or *performed by or under the authority of the constitution or laws of this state, ... are "public records", **except as otherwise provided in this Chapter or the Constitution of Louisiana**.*

(Emphasis added.) Further, La. R.S. 44:4, entitled "Applicability," provides, in pertinent part, as follows:

This Chapter shall not apply:

...

(47)(a) To the physical medium or contents of any electronic storage device including any compact disc, digital video disc, jump drive, audio or video cassette tape, or any other type of electronic storage device, or to any shorthand or longhand notes or writings or stenotype paper tapes in the custody or under the control of a judge, clerk of court, official court reporter, deputy official court reporter, or certified electronic reporter and which are produced, made, or used by an official court reporter, deputy official court reporter, free lance reporter, or certified electronic reporter in any court of record of the state during any proceedings before that court to report the proceedings or for the purpose of transcribing into typewriting those portions of the proceedings required by law or by the court to be transcribed.

Under the clear and unambiguous language of La. R.S. 44:4(47)(a), the Public Records Law does not apply to the tape recording of Mr. Wilson's criminal trial as sought through the public records request. See **Pesnell v. Sessions**, 52,646 (La. App. 2d Cir. 5/22/19), 274 So.3d 697, 703, writ denied, 2019-01040 (La. 10/15/19), 280 So.3d 599, cert. denied, ___ U.S. ___, 141 S.Ct. 157, 207 L.Ed.2d 1096 (2020). As a matter of law, La. R.S. 44:4(47)(a) specifically prohibits allowing access to a court reporter's notes or recordings, as these are not considered to be public records. **Bedi v. Price**, 19-138 (La. App. 5th Cir. 10/2/19), 282 So.3d 323, 328. Accordingly, Mr. Wilson does not have any cause of action against the Clerk under La. R.S. 44:35, which provides certain causes of action to "[a]ny person who has been denied the right to ... obtain a copy or reproduction of *a record under the provisions of this Chapter*."[2] (Emphasis added.)

---

[2] We further note that prior to filing the Petition, Mr. Wilson was made aware that the tape recording requested was not a public record.

8

Moreover, no additional facts can be pled or established by amendment of the Petition to establish that the tape recording requested is a public record subject to the provisions of the Public Records Law. The right to amend one's petition is qualified by the restriction that the objections to the petition be curable, and the decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. **Palowsky v. Cork**, 2019-0148 (La. App. 1st Cir. 5/20/20), 304 So.3d 867, 875.

Additionally, a fair reading of the Petition and the documents annexed thereto in the light most favorable to Mr. Wilson, and with every doubt resolved in his favor, does not reveal any valid cause of action for relief. See **Scheffler**, 950 So.2d at 647. After receiving the public records request, the Clerk, through Deputy Clerk Caldera responded to Mr. Wilson that a 43-page transcript, indicating a 10-2 verdict during polling, was available through the Clerk's office for a charge of $45.00. However, Mr. Wilson was also informed that the tape recording of that transcript was maintained by the court reporter,[3] and Mr. Caldera informed Mr. Wilson that the request was properly directed to the judicial administrator's office. Mr. Wilson then sent a public records request to Ms. McCrory, the judicial administrator, who properly informed him that the tape recording requested is not a public record to which the Public Records Law applies.

Ultimately, Mr. Wilson complains that the defendants are wrongly withholding the tape recording; however, the tape recording of Mr. Wilson's criminal trial is not subject to production because it is not a public record. La. R.S. 44:4(47)(a). See **Bedi**, 282 So.3d at 328 (holding that La. R.S. 44:4 specifically

---

[3] Pursuant to La. R.S. 15:511, the court reporter is required to maintain tape recordings of a criminal case, but the tape recordings shall be the property of the court in which the case was heard. However, pursuant to La. Code Civ. P. art. 251(A), the Clerk is the "legal custodian of all of its records and is responsible for their safekeeping and preservation" and *"[e]xcept as otherwise provided by law, he shall permit any person to examine, copy, photograph, or make a memorandum of any of these records at any time* during which the clerk's office is required by law to be open." (Emphasis added.)

9

prohibited the appellant from gaining access to the court reporters' notes or recordings through discovery). Therefore, pursuant to our *de novo* review, we find that Mr. Wilson's Petition fails to state a cause of action against Doug Welborn, in his official capacity as Clerk of Court for East Baton Rouge Parish, which cannot be cured by amendment. However, because the Clerk was the sole party filing the peremptory exception raising the objection of no cause of action, which resulted in the judgment before us on appeal, we find error in the portion of the July 27, 2021 judgment dismissing Mr. Wilson's claims against parties other than the Clerk.

## CONCLUSION

In light of the foregoing, we affirm that portion of the trial court's July 27, 2021 judgment, which sustained the peremptory exception raising the objection of no cause of action filed by defendant, Doug Welborn, in his official capacity as Clerk of Court for East Baton Rouge Parish, and dismissed the matter against Doug Welborn, in his official capacity as Clerk of Court for East Baton Rouge Parish, with prejudice. We vacate that portion of the judgment dismissing any other claims raised by David L. Wilson against the remaining defendants. Costs of this appeal, in the amount of $959.00, are to be borne by plaintiff, David L. Wilson.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**